IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RICHARD VENTO, LANA VENTO, GAIL VENTO, RENEE VENTO, NICOLE VENTO-MOLLISON<br>Petitioners<br><br>vs<br><br>UNITED STATES OF AMERICA<br>Respondent | MISC 06-0258 CCC |

**OPINION AND ORDER**

Petitioners, all members of the Vento family, seek to quash a third-party summons issued on November 13, 2006, by the Internal Revenue Service ("IRS") to the Banco Popular de Puerto Rico pursuant to 26 U.S.C. Section 7602.[1] to obtain testimony and

---

[1] 26 U.S.C. Section 7602 provides:

(a) Authority to summon, etc.

For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized—

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

records relating to the income tax liabilities of the Ventos, who are being audited by the IRS.   The IRS seeks to determine whether the Ventos, who filed the 2002 through 2004 income tax returns with the Bureau of Internal Revenue of the U.S. Virgin Islands ("BIR"), (1) were bona fide residents of the U.S. Virgin Islands for tax years 2002, 2003, or 2004; (2) were obligated to report their income on a U.S. tax return; and, (3) whether the Ventos reported the proper amounts of income earned and the source of such income during the 2002 through 2004 tax years on their individual tax returns filed with the BIR (Moss Decl. 9)."  Petitioners challenge the summons based on its alleged failure to fulfill the four requirements established by **United States v. Powell, 379 U.S. 48, 85 S. Ct. 248 (1964)**.   We disagree.

In order to establish a prima facie case satisfying the four Powell criteria,  the IRS must show that (1) the investigation is conducted for a legitimate purpose; (2) the inquiry may be relevant to that purpose, (3) the information sought is not already in the government's possession, and (4) the administrative steps required by the Internal Revenue Code have been followed, **Powell at 57-58, 85 S. Ct., at 254-255.** Powell did not impose a probable cause requirement for enforcement of a summons.  The summons must be issued before the IRS recommends to the Department of Justice that a criminal prosecution be undertaken.  The Service is required to meet the Powell standards of good faith. **United States v. LaSalle Nat'l Bank, 437 U.S. 298, 318, 98 S. Ct., 82357, 2368 (1978)**.  If all of these requirements are met, the burden of proof will shift to the taxpayer to disprove one of the four Powell criteria or to show that judicial enforcement of the summons would be an abuse of the Court's process.

In **US. v. Arthur Young & Co, 465 U.S. 805, 819, 104 S. Ct. 1495, 1502 (1984)** courts were warned to be vigilant in recognizing exceptions to the broad summons authority of the IRS, for if the broad authority granted to the IRS by Section 7602 is to be circumscribed that is for Congress, not the Courts, to decide.  The congressional policy choice in favor of disclosure of all information relevant to a legitimate IRS inquiry is not to be ignored.   In **U.S. v. Euge, 444 U.S. 707, 711, 100 S.Ct. 874, 878 (1980)**, the Court concluded that "if the summons authority claimed is necessary for the effective performance of Congressionally imposed responsibilities to enforce the Tax Code, that authority should be upheld absent express statutory prohibition or substantial countervailing policies."

Further expanding  the IRS' power, and easing the standard to be met in relation to the second requirement, the Court has described the Section 7602 summons as a "tool of discovery" and has said that the use of the "may be relevant" language of Section 7602 "reflects Congress' express intention to allow the IRS to obtain items of even *potential* relevance to an ongoing investigation without reference to its admissibility." **Young, 465 U.S. at 814, 104 S. Ct. At 1501.**

FACTUAL ANALYSIS

The IRS' investigation concerning the residency of the Ventos in order to establish whether they are subject to federal tax liabilities, meets the first Powell requirement of a legitimate purpose.  The powers delegated to the IRS by Section 7602 encompass the subject that the IRS is investigating, namely, whether or not the Ventos are "bona fide" residents of the U.S. Virgin Islands and, generally, their income tax liability for the years

2002 through 2004.  Even if the Ventos are "bona fide" residents of the U.S. Virgin Islands, they may incur U.S. tax liability.  **Mollison v. U.S, 481 F.3d 119, 123 (2nd Cir. 2007)**.  The IRS is authorized by Congress to enforce its Code "in any possession of the United States in the same manner and to the same extent as if such possession were a State."  **26 U.S.C. 7651(1)**.  Consequently, even "bona fide" residents of the U.S. Virgin Islands fall within the purview of the IRS.  **26 U.S.C. 7651(1)**

Regarding the second Powell requirement,  the courts have previously established that the IRS need only show that the information sought through the summons *may be relevant* to the investigation being conducted.   Relevance, within the meaning of Section 7602, is not bogged down by the technicalities of an evidentiary standard.  Applying this broad relevance standard,  it is clear that the information being sought from Banco Popular of Puerto Rico is relevant to shed light on the Ventos' residence during the tax years being investigated and also relevant to the inquiry whether the Ventos reported all their income and to identify the sources thereof.

Regarding the third requirement, petitioners did not claim in their Motion to Quash that the Service was already in possession of the information they were requesting, and no evidence was presented to suggest otherwise.  We also note, the investigation in question was not the subject of a referral to the Justice Department for criminal prosecution.

Finally, we conclude that the summons was procedurally proper, thereby, fulfilling the fourth requirement established in Powell.  Petitioners claim that the summons fails the fourth Powell criteria in that it was not issued pursuant to a valid delegation.  A delegation

order in effect at the time expressly authorized an agent to issue a third-party summons on condition that the agent's manager also sign the summons, which is exactly what happened in this case.

Since compliance by the IRS with the good faith requirements recognized by the Court in **Powell** has been established and petitioners have neither disprove them nor shown that the investigation is unnecessary, the Motion to Quash **(docket entry 1)** is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on July 12, 2007.

                                                S/CARMEN CONSUELO CEREZO
                                                  United States District Judge